EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
DAFFODIL TYMINSKI (Cal. Bar No. 243680)
Assistant United States Attorney
OCDETF Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0917
     Facsimile: (213) 894-0142
     E-mail:    Daffodil.Tyminski@usdoj.gov

Attorney for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 15-0707-R |
|---|---|
| Plaintiff, | GOVERNMENT'S POSITION RE: SENTENCING FOR DEFENDANT DAVID LORENZO GARCIA |
| v. | |
| DAVID LORENZO GARCIA, | Sentencing Date: July 29, 2016 |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Daffodil Tyminski and, hereby files the government's position with respect to sentencing defendant David Lorenzo Garcia ("defendant").

///

///

///

This sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: July 27, 2016

Respectfully submitted,

EILEEN M. DECKER
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

        /S/
DAFFODIL TYMINSKI
Assistant United States Attorney

Attorney for Plaintiff
UNITED STATES OF AMERICA

MEMORANDUM OF POINTS AND AUTHORITIES

**I.   INTRODUCTION**

On April 28, 2016, defendant pleaded guilty to count six of the Indictment. (Presentence Investigation Report ("PSR") of the United States Probation Office ("USPO") dated June 20, 2016 ¶ 2.)  Based on the PSR and the facts and circumstance of this case, the government asks that the Court impose a sentence of probation, followed by five years of supervised release, no fine, and a special assessment of $100.

**II.   NACKGROUND AND THE USPO'S FINDINGS**

Count six charges defendant with distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). The charges stem from defendant's distribution of methamphetamine for defendant Roberto Macias, the leader of the conspiracy.  As part of the conspiracy, on or about January 19, 2014, defendant received approximately 41 grams of methamphetamine from Macias for distribution to co-defendant Lopez.  (PSR ¶¶ 10-12.)

   **A.   The Offense Level and Defendant's Criminal History**

In defendant's plea agreement, the parties agreed to a base offense level of 28, pursuant to U.S.S.G. § 2D1.1(c)(6), less four levels for mitigating role. (Plea Agreement ¶ 17).  The USPO calculated defendant's base offense level as 28, pursuant to U.S.S.G. § 2D1.1(c)(3), and applied a four level decrease for minimal role, pursuant to U.S.S.G. §§ 3B1.2(a).  (PSR ¶¶ 17-27.)  The USPO concluded that defendant is in criminal history category I, and the government does not object to either of these findings.

According to the PSR, defendant is also safety-valve eligible, and the government does not object to this finding.  As such, his

total offense level is 19, and with a criminal history category of I, defendant's sentencing range is 30-37 months.

### III. ANALYSIS OF THE 3553(a) FACTORS

The factors to be considered when imposing sentence, as set forth in 18 U.S.C. § 3553(a), include:

#### A. Nature and Circumstances of the Offense and the History and Characteristics of Defendant

Defendant was a minor player in this narcotics distribution, which he became involved with as a result of his methamphetamine addiction. Defendant has a history of substance abuse, however, based on the government's investigation and exchange with defense counsel, defendant is quite functional when he is not using methamphetamine. Since being charged in this case, defendant has been a resident of Phoenix House, where he is receiving treatment and counseling, and he is doing very well. He is working now as a counselor to assist newcomers to the program, and he has been clean for almost six months. His participation in the program ends in early August 2016.

#### B. The Seriousness of the Offense, Deterrence, and the Need to Protect the Public

Methamphetamine distribution is a serious offense. The government submits that the aggravating factors – the nature of the offense – are extremely serious, but are mitigated by defendant's personal background. Moreover, defendant has done well in treatment, and the government agrees with defense counsel that, if the defendant is given a chance at additional drug treatment and counseling, he could well be a productive member of society. As such, the

government does not believe that a lengthy period of incarceration furthers the interests of justice.

    For the foregoing reasons, and based on the sentencing guidelines as well as the factors set forth in 18 U.S.C. § 3553(a), the government requests that the Court sentence the defendant to probation, followed by five years of supervised release, no fine, and a mandatory special assessment of $100.

Dated: July 27, 2016      Respectfully submitted,

                                EILEEN M. DECKER
                                United States Attorney

                                LAWRENCE S. MIDDLETON
                                Assistant United States Attorney
                                Chief, Criminal Division

                                _____/S/_____
                                DAFFODIL TYMINSKI
                                Assistant United States Attorney

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA